UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

TRUSTEES OF THE PLUMBERS & PIPEFITTERS' NATIONAL PENSION FUND; TRUSTEES OF THE PLUMBERS & PIPEFITTERS' INTERNATIONAL TRAINING FUND; TRUSTEES OF THE PLUMBERS AND PIPEFITTERS' LOCAL UNION NO. 4 HEALTH &WELFARE FUND; PENSION FUND; ANNUITY FUND; JOINT APPRENTICE TRAINING FUND; INDUSTRY FUND; BUILDING & RELIEF FUND and PLUMBERS AND PIPEFITTERS UNION LOCAL NO. 4

Plaintiffs

VS.

HVAC MECHANICAL SYSTEMS, INC.

Defendant

Civil Action No. 04-11776 (NG)

October 29, 2004

---

**MEMORANDUM OF LAW IN SUPPORT OF
APPLICATION FOR ENTRY OF JUDGMENT BY DEFAULT**

I.  **STATEMENT OF THE CASE**

On August 13, 2004, Plaintiffs, Trustees of the Plumbers & Pipefitters' National Pension Fund; Trustees of the Plumbers & Pipefitters' International Training Fund; Trustees of the Plumbers and Pipefitters' Local Union No. 4 Health &Welfare Fund; Pension Fund; Annuity Fund; Joint Apprentice Training Fund; Industry Fund; Building & Relief Fund and Plumbers and Pipefitters Union Local No. 4 (the "Plaintiffs") filed this action against Defendant HVAC Mechanical Systems, Inc. (hereinafter "Defendant" and

"HVAC Mechanical") to recover contractually certain sums due and unpaid by Defendant to the Plaintiffs' employee benefit plans. Defendant was served with a copy of the Summons and Complaint on or about August 25, 2004 by the Middlesex Sheriff's Office. Defendant has failed to appear or answer, and the Court entered default against the Defendant on October 21, 2004. To this date, Defendant has not entered an Appearance or filed pleadings in this case.

Plaintiffs file this Application for Entry of Judgment by Default pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure. A hearing in damages is not required. The specific amount of damages is a sum that can be made certain by computation.

## II. DEFENDANT IS LIABLE TO THE PLAINTIFF FUNDS FOR UNPAID DELINQUENT CONTRIBUTIONS

ERISA requires an employer to pay multi-employer trust fund contributions in accordance with the terms and conditions of the Collective Bargaining Agreement and Plan to which the employer is signatory (29 U.S.C. § 1145). Defendant HVAC Mechanical has failed to make the required contributions to the Funds in violation of Section 515 of ERISA [29 U.S.C. § 1145], and in violation of its collective bargaining obligation (Section 301(a) of the LMRA, 29 U.S.C. §185(a)). The Trustees of the Funds, as fiduciaries, are authorized to enforce this provision (29 U.S.C. §§ 1132(a)(2) and (3)). The undisputed and demonstrated contractual Funds contributions in the amount of *$34,486.18* remain due and owing to the Funds by Defendant HVAC Mechanical for the months of November 2003 through February 2004 (see Attachment "A", Affidavit of Doreen Lefort). It is further estimated

that the Defendant HVAC Mechanical owes contributions for the months of March through July 2004 in the amount of *$30,392.40*. Defendant HVAC Mechanical is, therefore, liable to the Plaintiff Funds in the sum certain amount of *$34,486.18* and an estimated amount of *$30,392.40* which aggregate to *$64,878.58.*

### III. PLAINTIFFS ARE ENTITLED TO LIQUIDATED DAMAGES, INTEREST, COSTS, AND ATTORNEY'S FEES

The Collection Procedures to which Defendant HVAC Mechanical is signatory, provides that an employer delinquent in Funds contributions "may be assessed liquidated damages of 20% of the contributions owed, as well as interest at the rate of 10% or 12% per annum (whichever is applicable), and any costs and fees incurred by the Funds, including, but not limited to, reasonable attorneys' fees, audit fees and court costs" (see Attachment "A", Affidavit of Doreen Lefort).

Finally, ERISA provides for payment of costs and reasonable attorney's fees incurred by Plaintiffs in connection with a collection action 29 U.S.C. 1132 (g)(2)(D).
Plaintiffs have requested attorney's fees in the amount of *$1,710.00* and costs in the amount of *$206.08* (Attachment "B", Affidavit of Attorney John M. Brown). Defendant HVAC Mechanical is, therefore, liable to the Plaintiff Funds for attorney's fees in the sum certain amount of *$1,710.00* and for costs in the sum certain amount of *$206.08.*

The Defendant Corporation is neither incompetent nor in the military service (see Attachment "B", Affidavit of John M. Brown).

The amounts due and owing are summarized on the attached proposed Order. For the foregoing reasons, the Plaintiffs respectfully request the Clerk of this Court to enter judgment in the total amount of *$79,770.38* against the Defendant HVAC Mechanical.

Attorney for Plaintiffs,

John M. Brown, Esq.
ROBERT M. CHEVERIE &
 ASSOCIATES, P.C.
Commerce Center One
333 East River Drive, Suite 101
East Hartford, CT 06108-4203
Tele. No.: (860) 290-9610
BBO #: 651103

## CERTIFICATION

I hereby certify that true copies of the Application for Entry of Judgment by Default, the Memorandum of Law in Support of Application for Entry of Judgment by Default and the proposed Order for Entry of Default Judgment were mailed, first class and postage prepaid, this 29th day of October 2004, to the following:

HVAC Mechanical Systems, Inc.
*c/o Its President:*
Robert F. Marzeoti
31 Depot Street
Dunstable, MA 01827

and

HVAC Mechanical Systems, Inc.
*c/o Its President:*
Robert F. Marzeoti
34 Sullivan Road
Unit 17
North Billerica, MA 01862

John M. Brown, Esq.
ROBERT M. CHEVERIE &
ASSOCIATES, P.C.
Commerce Center One
333 East River Drive
Suite 101
East Hartford, CT  06108-4203
Tele. No.: (860) 290-9610
BBO #: 651103